The Honorable Larry Prater State Representative 880 Prater Lane Cedarville, Arkansas 72932-9373
Dear Representative Prater:
I am writing in response to your request, on behalf of the Mayor of Mulberry, for an opinion concerning meetings of the County Intergovernmental Cooperation Council. Specifically, you have forwarded the following five questions in this regard:
1. Does the County Clerk count as a member for quorum purposes?
 2. How many votes are necessary to pass a resolution to appropriate Act 833 funds?
 3. If a majority is required to pass such a resolution, is it a simple majority of those present or a simple majority of the full Council?
 4. If a two-thirds majority is required to pass such a resolution, is it a two-thirds majority of those present or a two-thirds majority of the full Council; and
 5. Does the County Clerk count as a member for purposes of establishing either a simple majority or a two-thirds majority for passage of a resolution to appropriate Act 833 funds?
RESPONSE
In my opinion the answer to your first question is "yes." State law does not expressly address your second question, but in my opinion assuming a quorum is present, the required vote is a simple majority of those voting on the measure. In my opinion, therefore, the answer to your third question is that a majority of the full council is not required in such instance. An answer to your fourth question is unnecessary in light of my conclusions above. The answer to your fifth question is not entirely clear. Two separate and arguably conflicting 1993 acts of the General Assembly address the issue. In my opinion legislative clarification is necessary to provide a definitive answer to the question.
Question 1 — Does the County Clerk count as a member for quorumpurposes?
The relevant statute for purposes of this question is A.C.A. §14-27-102. It provides as follows:
 (a) There is established within each county of this state a county intergovernmental cooperation council to facilitate cooperation among all the local government subdivisions of each county, to encourage the efficient use of local government resources, and to eliminate the duplication of services by local governments.
 (b) The membership of each cooperation council shall consist of the county judge, the county clerk, and the mayor of each city and incorporated town within each county.
 (1)(A) The county judge of each county shall serve as chairman of the cooperation council.
 (B) The county judge shall have full voting power and shall have veto power over any action taken by the council.
 (C) It shall require a two-thirds (2/3) majority vote of all council members to override a veto.
 (2) The county clerk of each county shall serve as the secretary of the cooperation council, shall preside over cooperation council meetings in the absence of the council chairman, and shall be responsible for writing and submitting all reports of the cooperation council.
 (c) Each member of the council shall have one (1) vote for the local government jurisdiction he represents on the cooperation council.
 (d) The members of the cooperation council shall serve without compensation for their services.
 (e) A quorum shall consist of a majority of the council's membership and shall be necessary to conduct its business. [Emphasis added.]
The statute defines a quorum as a majority of the "council's membership." The county clerk is clearly a "member" of the council under A.C.A. §14-27-102 (b). In my opinion, therefore, the county clerk is to be counted for determining whether a quorum exists to transact business.
Question 2 — How many votes are necessary to pass a resolution toappropriate Act 833 funds?
I assume this question has reference to the funds distributed under Act 833 of 1991, which governs the distribution of certain insurance premium taxes. The pertinent portion of the Act is now codified at A.C.A. §14-284-403(a)(2) (Repl. 1998). That statute apportions the taxes among the various counties and provides for their further distribution in each county by stating that:
 The moneys shall be apportioned by each quorum court to the [fire] districts and municipalities within the county based upon population unless the County Intergovernmental Cooperation Council notifies the quorum court of the fire protection needs of the districts and municipalities, in which case the moneys shall be apportioned by the quorum court based on those needs.
This section does not outline the vote requirement necessary for the County Intergovernmental Cooperation Council to undertake its decision. The general statute governing the make-up and powers of the Council, A.C.A. § 14-27-102, is also silent in this regard. Other than requiring a two-thirds vote of all council members to override a veto, there is no vote requirement set out in A.C.A. § 14-27-102.
Where the applicable statute is silent, rules of parliamentary procedure will govern. In the absence of any particular rules adopted by the Intergovernmental Cooperation Council to govern its proceedings in this regard, general common law rules will control. The common law rule was discussed in an Opinion of my predecessor, as follows:
 As a general matter, however, under the common law rule, a majority of a quorum is empowered to act for the body. Mad Butcher, Inc. v. Parker, 4 Ark. App. 124, 628 S.W.2d 582 (1982) [footnote omitted]. It seems clear, therefore, that a majority of the whole elected body is ordinarily not required to pass a motion. It should be further noted in this regard that under general parliamentary law, a majority of those members voting is sufficient to approve a motion where a quorum is present. H.M. Robert, Robert's Rules of Order Art. VI, § 38 (1973). This comports with the general common law rule. See FTC v. Flotil [Flotill] Products, Inc., 389 U.S. 179 (1967), cited in Mad Butcher, supra, 4 Ark. App. at 130. Thus, when not otherwise stated by rule or statute, the number of members present and voting is ordinarily the basis for calculating the majority vote, i.e., abstentions are excluded. Robert's, supra.
Op. Att'y Gen. No. 95-306.
In my opinion, therefore, absent any statute or internal operating rules of the Council to the contrary, the common law rule dictates that so long as a quorum is present, a majority of the members present and voting suffices to carry a measure.
Question 3 — If a majority is required to pass such a resolution, is it asimple majority of those present or a simple majority of the fullCouncil?
See my response to Question 2 above.
Question 4 — If a two-thirds majority is required to pass such aresolution, is it a two-thirds majority of those present or a two-thirdsmajority of the full Council.
It is unnecessary to address this question in light of my response to Question 2.
Question 5 — Does the County Clerk count as a member for purposes ofestablishing either a simple majority or a two-thirds majority forpassage of a resolution to appropriate Act 833 funds?
The answer to this question is not entirely clear. The relevant statute is again, A.C.A. § 14-27-102, set out earlier in response to Question 1. This statute was originally passed as Act 510 of 1987. My predecessor issued Opinion 92-341, based upon the language of the 1987 act, and concluded that the county clerk did not have a vote on the council. The statute at the time stated that "[e]ach member of the council shall have one (1) vote for the local government jurisdiction they represent on the cooperation council, except the chairman who shall vote only in the case of a tie vote." Although acknowledging that this language could "at first glance" indicate that the county clerk is entitled to vote, my predecessor concluded that viewing the act as a whole, including the provision which prohibited the county judge from voting except in cases of a tie, the county clerk did not have a vote on the council.
In 1993, however, shortly after the issuance of Opinion 92-341, the General Assembly passed two acts amending A.C.A. § 14-27-102. See Acts 1993, Nos. 232 and 776. The acts were slightly different in language, although both seemed to have similar aims. The first act, Act 232 of 1993, provided in Section 1 that:
 It is hereby found and determined by the General Assembly of the State of Arkansas that the method of voting as outlined in Act 510 of 1987, which established the County Intergovernmental Cooperation Council is heavily weighted in favor of cities and incorporated towns and due to this inequity has left the rural, unincorporated areas of the several counties of Arkansas in danger of under representation. It is further found and determined that it is the public policy of this state to provide full and equal representation of all citizens at all levels and in all subdivisions of government and that the provisions of this act are necessary for the furtherance of the goal of fair and equal representation.
Act 232 therefore amended former subsection (b)(1) of the statute to read as follows:
 (b)(1) The county judge of each county shall serve as chairman and preside over the cooperation council with a vote and with the power of veto. It shall require a two-thirds (2/3's) majority of all council members to override a veto. All other members of the council shall have one (1) vote for the local government jurisdiction they represent on the cooperation council. [Emphasis added.]
This provision clearly gave the county judge the power to vote and the power of veto. The second sentence may indicate that the county clerk, as an "other member of the council," is entitled to a vote. Act 232 also entirely removed the previous language, which stated that "each member of the council shall have one (1) vote for the local government jurisdiction they represent on the cooperation council, except the chairman who shall vote only in the case of a tie vote."
The amendment made by Act 232 of 1993, however, was not codified in the Arkansas Code. Another act from that same regular session, which was signed after Act 232, was codified instead. Act 776 of 1993 is entitled "AN ACT to Amend Arkansas Code 14-27-102 to Provide That the County Judge Shall Have Voting Power and Veto Power As a Member of the County Intergovernmental Cooperation Council." Act 776 simply added two sentences stating that: "The county judge shall have full voting power and shall have veto power over any action taken by the council. It shall require a two-thirds (2/3) majority vote of all council members to override a veto." Act 776 also struck the language at the end of subsection (c) restricting the chairman's right to vote to cases of a tie.
There is nothing in Act 776, therefore, which expressly addresses the county clerk's right to vote. It states merely that "[e]ach member of the council shall have one (1) vote for the local government jurisdiction they represent on the cooperation council." There is nothing in Act 232 that expressly addresses the clerk's vote either. It states that "[a]ll other members of the council shall have one (1) vote for the local government jurisdiction they represent on the cooperation council." Both acts retained the language as to the county clerk's duties on the council, which states that: "The county clerk of each county shall serve as the secretary of the cooperation council, shall preside over cooperation council meetings in the absence of the council chairman, and shall be responsible for writing and submitting all reports of the cooperation council."
In my opinion, Act 776, by reference to its title, appears to have been concerned with giving the county judge the power to vote and the power of veto. No mention is made in the title of giving the county clerk the right to vote. The language of Act 232 is somewhat broader, using new language to suggest that "[a]ll other members of the council shall have one (1) vote. . . ." (Emphasis added.) The Arkansas Code Revision Commission, citing A.C.A. § 1-2-207, codified Act 776, the act which was adopted later in time. Section 1-2-207(b), which was also originally adopted in 1993, now provides as follows:
 (b)(1) When more than one (1) act concerning the same subject matter is enacted by the General Assembly during the same session, whether or not specifically amending the same sections of the Arkansas Code or an uncodified act, all of the enactments shall be given effect except to the extent of irreconcilable conflicts in which case the conflicting provision of the last enactment shall prevail.
 (2) The last enactment is the one which the Governor signed last or if the Governor does not sign one of the acts then the last enactment is the act which was last voted on by either house of the General Assembly.
To the extent of any conflict, therefore, Act 776 will prevail. Again, Act 776 does not add anything to the existing statute to give the county clerk a right to vote. Act 232 appears to have broader language on the question, however, and in my opinion it could be argued that it grants the county clerk a vote. This act, however, was not codified. I cannot state with certainty, therefore, whether the county clerk is afforded a vote under current law. Legislative clarification is indicated.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh